**Opinion filed July 11, 2013**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00063-CR
_____

**BRADLEY SCOTT WEEKS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 91st District Court**

**Eastland County, Texas**

**Trial Court Cause No. 22348**

## M E M O R A N D U M   O P I N I O N

Bradley Scott Weeks, Appellant, pleaded guilty in August 2010 to the offense of injury to a child. In accordance with a plea agreement, the trial court assessed Appellant's punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of two years and a fine of $5,000, suspended the imposition of the confinement portion of the sentence, and placed Appellant on community supervision for a term of five years.

The State subsequently filed a motion to revoke community supervision, alleging numerous violations of the terms and conditions of Appellant's community supervision. The trial court considered the motion at a hearing conducted on February 11, 2013. At the outset of the hearing, Appellant entered a plea of "true" to all of the alleged violations. Based upon Appellant's plea of true and the evidence presented at the hearing, the trial court revoked Appellant's community supervision and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of two years. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that the appeal is frivolous. Counsel has provided Appellant with a copy of the brief and advised Appellant of his right to review the record and file a response to counsel's brief. A response has not been filed.[1] Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *Schulman*, 252 S.W.3d at 409. A plea of true standing alone is sufficient to support a trial court's decision to revoke community

---

[1]By letter, this court granted Appellant thirty days in which to exercise his right to file a response to counsel's brief.

supervision.  *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. 1979). Not only did Appellant plead true to the State's allegations, he also admitted during his testimony that he had violated the terms and conditions of his community supervision, and the State presented the testimony of Appellant's community supervision officer showing that Appellant had violated the terms and conditions of his community supervision.  Furthermore, at the hearing, no objections were made by either party.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court.  TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68.").  Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

July 11, 2013

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
McCall, J., and Willson, J.

3